UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE PAVERS AND ROAD BUILDERS DISTRICT COUNCIL WELFARE, PENSION, ANNUITY, AND APPRENTICESHIP, SKILL IMPROVEMENT AND SAFETY FUNDS,

                                            Plaintiffs,

-against-

UNICORN CONSTRUCTION ENTERPRISES, INC.,

                                            Defendant.

19 CV _____

**COMPLAINT**

---

Plaintiffs, by their attorneys, Virginia & Ambinder, LLP, allege as follows:

## NATURE OF THE ACTION

1. This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA") of 1974, as amended, 29 U.S.C. §§ 1132(a)(3), 1145, and Section 301 of the Labor-Management Relations Act ("LMRA") of 1947, 29 U.S.C. § 185, by multiemployer welfare and pension funds through their respective Boards of Trustees, to collect delinquent employer contributions to employee benefit plans.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to Sections 502(e)(1) and (f) and 515 of ERISA, 29 U.S.C. §§ 1132(e)(1) and (f) and 1145; Section 301 of the LMRA, 29 U.S.C. § 185.

3. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301 of the LMRA, 29 U.S.C. § 185.

## THE PARTIES

4. Plaintiffs Trustees of the Pavers and Road Builders District Council Welfare, Pension, Annuity, and Apprenticeship, Skill Improvement and Safety Funds (the "Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with Section 302(c) of the LMRA, 29 U.S.C. § 186(c). The Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and are administered at 17-20 Whitestone Expressway, Suite 200, Whitestone, New York 11357.

5. Upon information and belief, defendant Unicorn Construction Enterprises, Inc. ("Unicorn") is a domestic business corporation incorporated under the laws of the State of New York, with its principal place of business at 3 Unicorn Street, Chestnut Ridge, NY 10952, engaged in the construction business. At all relevant times, Unicorn was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142.

## FACTS

**The Collective Bargaining Agreement**

6. At relevant times herein, Unicorn was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "CBA") with the Highway, Road and Street Construction Laborers Local Union 1010 (the "Union").

7. The Union is a labor organization within the meaning of section 301 of the LMRA, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in section 502 of the LMRA, 29 U.S.C. §142.

8. The CBA requires Unicorn to pay specified contributions to the Funds and related entities on behalf of which the Funds act as collection agents in connection with all work performed within the trade and geographical jurisdiction of the Union ("Covered Work").

9. Pursuant to the CBA, if an employer fails to pay contributions when due, the employer is liable to the Funds for interest on the amount of unpaid contributions at an annual rate of ten percent (10%).

10. Pursuant to the CBA, in the event the Funds are required to employ an attorney to collect the contributions due and owing, Unicorn is obligated to pay to the Funds its attorneys' fees.

11. The CBA provides, *inter alia*, "The Employer is bound by all of the terms and conditions of the Agreements and Declarations of Trust with respect to the Welfare Fund, Pension Fund, Training Fund and Annuity Fund, which Agreements and Declaration of Trusts are hereby made part of this Agreement and are incorporated herein" ("Trust Agreements").

12. The Trust Agreements provide that in operating and administering the Funds, the Board of Trustees shall have the power to "establish the policy and rules pursuant to which this Agreement and Plan are to be operated and administered, including the rules relating to the collection of contributions and other payments."

13. Pursuant to the Trust Agreements, the Trustees of the Funds have promulgated a Policy for Collection of Delinquent Fringe Benefit Contributions ("Collection Policy"). Accordingly, Unicorn is bound to the terms of the Collection Policy.

14. Article II of the Collection Policy provides that if Unicorn fails to make contributions when due, Unicorn is liable to the Funds for interest on the amount of unpaid

contributions at an annual rate of 10% and liquidated damages of 20% of the amount of the unpaid contributions.

15. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes this Court to enforce the CBA. In addition, Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

**Delinquent Contributions and Late Payment Interest**

16. The CBA requires Unicorn, *inter alia*, to report to the Funds the number of hours of Covered Work performed by each employee.

17. Unicorn owes the balance of reported contributions of $292,250.85 and union assessments of $14,353.26 for the period June 2016, December 2018, and March 2019 through May 2019.

18. Unicorn also owes interest on the late payment of contributions for December 2018 through February 2019 in the amount of $3,622.18.

19. Pursuant to the CBA, the documents and instruments governing the Funds, and Section 502(g)(2) and 515 ERISA, 29 U.S.C. §1132(g)(2) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185, Unicorn is liable to the Funds for: (1) delinquent contributions of $292,250.85 and union assessments of $14,353.26 for the period June 2016, December 2018, and March 2019 through May 2019; (2) interest thereon at an annual rate of ten percent (10%), (3) liquidated damages of ten percent (10%) of the principal amount of the delinquency; and (4) all reasonable attorneys' fees, expenses and costs incurred by Plaintiffs in prosecuting this suit.

20. With respect to the late payment interest Unicorn owes in connection with contributions it paid past the deadline for doing so between December 2018 and February 2019, pursuant to the CBA, the documents and instruments governing the Funds, and Section 301 of the LMRA, 29 U.S.C. § 185, the Funds are entitled to recover: (1) late payment interest of $3,117.95; (2) reasonable attorneys' fees and collection costs incurred by Plaintiffs in this action; and (3) such other legal or equitable relief as the Court deems appropriate.

**FIRST CLAIM FOR RELIEF AGAINST UNICORN**
*Unpaid Contributions Under 29 U.S.C. § 1145*

21. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

22. Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers "obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."

23. The CBA requires that Unicorn make contributions to Plaintiffs for all Covered Work it performed.

24. Unicorn failed to remit contributions for Covered Work for the period June 2016, December 2018, and March 2019 through May 2019 in the amount of $292,250.85 and union assessments in the amount of $14,353.26.

25. Pursuant to the CBA, the documents and instruments governing the Funds, and ERISA sections 502(a)(3), 502 (g)(2), and 515, 29 U.S.C. §§ 1132(a)(3), (g)(2) and 29 U.S.C. § 1145, Unicorn is liable to Plaintiffs for: (1) delinquent contributions for the period June 2016, December 2018, and March 2019 through May 2019 of $292,250.85 and union assessments of $14,353.26; (2) interest on the delinquent contributions at an annual rate of ten percent (10%); (3)

liquidated damages in the amount of ten percent (10%) of the delinquent contributions adjudged to be due and owing; (4) reasonable attorneys' fees, audit fees, and collection costs incurred by Plaintiffs in this action; and (5) such other legal or equitable relief as the Court deems appropriate.

## SECOND CLAIM FOR RELIEF AGAINST UNICORN
*Violation of Collective Bargaining Agreement Under 29 U.S.C. § 185*

26. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

27. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

28. Unicorn violated the terms of the CBA when it failed to timely remit contributions due and owing for Covered Work it performed for the period June 2016, December 2018, and March 2019 through May 2019.

29. Unicorn further violated the terms of the CBA when it failed to remit all contributions for the period December 2018 through February 2019 thereby incurring interest charges of $3,622.18.

30. With respect to the delinquent contributions, pursuant to the CBA, the documents and instruments governing the Funds, and Section 301 of the LMRA, 29 U.S.C. § 185, Unicorn is liable to Plaintiffs for: (1) delinquent contributions for the period June 2016, December 2018, and March 2019 through May 2019 of $292,250.85 and union assessments of $14,353.26; (2) interest on the delinquent contributions at an annual rate of ten percent (10%); (3) liquidated damages in the amount of ten percent (10%) of the delinquent contributions adjudged to be due and owing; (4) reasonable attorneys' fees, audit fees, and collection costs incurred by Plaintiffs in this action; and (5) such other legal or equitable relief as the Court deems appropriate.

31. With respect to the late payment interest Unicorn owes in connection with contributions it paid past the deadline for doing so between December 2018 and February 2019, pursuant to the CBA, the documents and instruments governing the Funds, and Section 301 of the LMRA, 29 U.S.C. § 185, the Funds are entitle to recover: (1) late payment interest of $3,622.18; (2) reasonable attorneys' fees and collection costs incurred by Plaintiffs in this action; and (3) such other legal or equitable relief as the Court deems appropriate.

32. As a result of Unicorn's violations, Plaintiffs are entitled to damages and other equitable relief pursuant to section 301 of the LMRA, 29 U.S.C. § 185.

**WHEREFORE**, plaintiffs respectfully request that this Court:

(1) Award judgment in favor of Plaintiffs and against Unicorn for its failure to timely pay Plaintiffs all contributions owed for the period June 2016, December 2018, and March 2019 through May 2019, as required by the CBA;

(2) On Plaintiffs' First Claim for Relief, order Unicorn to pay Plaintiffs: (1) delinquent contributions for June 2016, December 2018, and March 2019 through May 2019, in the amount of $292,250.85 and union assessments in the amount of $14,353.26; (2) interest on the delinquent contributions at an annual rate of ten percent (10%); (3) liquidated damages in the amount of ten percent (10%) of the delinquent contributions adjudged to be due and owing; (4) attorneys' fees, and collection costs incurred by Plaintiffs;

(3) On Plaintiffs' Second Claim for Relief, with respect to the delinquent contributions, order Unicorn to pay Plaintiffs (1) delinquent contributions for June 2016, December 2018, and March 2019 through May 2019, in the amount of $292,250.85 and union assessments in the amount of $14,353.26; (2) interest on the delinquent

-8-

contributions at an annual rate of ten percent (10%); (3) liquidated damages in the amount of ten percent (10%) of the delinquent contributions adjudged to be due and owing; (4) attorneys' fees, and collection costs incurred by Plaintiffs;

(4) On Plaintiffs' Second Claim for Relief, with respect to the late payment interest Unicorn owes in connection with contributions it paid past the deadline for doing so between December 2018 and February 2019, finding that Plaintiffs are entitled to recover: (1) late payment interest of $3,622.18; and (2) reasonable attorneys' fees and collection costs incurred by Plaintiffs in this action; and

(5) Award Plaintiffs such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       July 30, 2019

**VIRGINIA & AMBINDER, LLP**

By: ___/s/_____
Adrianna R. Grancio, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
Tel: (212) 943-9080
*Attorneys for Plaintiffs*